IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ARELIA S. LANGHORNE and ) <br> HOWARD M. BUTLER ) <br>       *Plaintiffs,* ) <br> ) <br> v. ) <br> ) <br> VIRGINIA STATE BOARD OF ELECTIONS, ) <br> CHARLES JUDD, KIMBERLY BOWERS, ) <br> DON PALMER, and ) <br> ROBERT F. MCDONNELL, ) <br>       *Defendants.* ) | CASE NO. 6:13-CV-00052 <br><br> **MEMORANDUM OPINION** |

  Plaintiffs filed this action seeking declaratory and injunctive relief arising out of 2011 redistricting plan for House of Delegates districts promulgated by the Virginia General Assembly. Plaintiff alleges violations of the Fourteenth and Fifteenth Amendments to the U.S. Constitution, Article II, section 6 of the Virginia Constitution, and section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973. Plaintiff requests, *inter alia*, the following: a declaration "that the 2011 legislative redistricting plan . . . is unconstitutional"; an injunction barring the Governor and the Virginia Board of Elections "from implementing and conducting further elections pursuant to the invalid redistricting plan"; that the Court order the defendants and the Virginia General Assembly to "develop, enact, and present to this Court for review a new redistricting plan"; and that the Court "issue an order requiring the defendants to pay plaintiffs' costs, expenses, and reasonably attorney's fees." As venue is not proper in this matter, it must, without any comment on the underlying claims, be transferred to a court with proper venue.

  Pursuant to 28 U.S.C. § 2284, plaintiffs have requested a three judge panel. A district court consisting of three judges must be empanelled to grant injunctive relief or judgment on the merits in cases challenging the apportionment of any statewide legislative body. 28 U.S.C. §§

2284(a), 2284(b)(3). "Upon filing of a request for three judges, the judge to whom the request is presented shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit," who must then empanel the court. *Id*. § 2284(b)(1). However, three judges are not required where the complaint "does not state a substantial claim for injunctive relief." *Md. Citizens for a Representative Gen. Assembly v. Governor of Md.*, 429 F.2d 606, 611 (4th Cir. 1970). Where the court lacks jurisdiction, the claim is by definition insubstantial and a single district judge may dismiss the case. *See Ex Parte Poresky*, 290 U.S. 30, 31 (1933) ("the provision requiring the presence of a court of three judges necessarily assumes that the District Court has jurisdiction."); *Md. Citizens*, 429 F.2d at 611; *Atkins v. Bd. of Educ.*, 418 F.2d 874, 875 n.1 (4th Cir. 1969).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, a district court has a duty to inquire into whether jurisdiction is proper, and to dismiss an action if it is not. *See* Fed. R. Civ. P. 12(h)(3). However, the standard remedy when a case is filed in an improper venue is to transfer the case to a proper venue rather than to dismiss. *See, e.g,* 15 Charles Allen Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3827 at 268-29 (2nd Ed. 1986) ("It is not surprising that in most cases of improper venue the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss").

Under 28 U.S.C. § 1391(b), "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in" the following districts: "a judicial district where any defendant resides, if all defendants reside in the same State"; "a judicial district in which a substantial part of the events or omissions giving rise

to the claim occurred, or a substantial part of the property that is the subject of the action is situated"; or "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

In this case, it is apparent that the defendants, sued in their official capacities, reside in the Eastern District of Virginia, and venue properly lies in Richmond. And although plaintiffs, by claiming that venue is proper under 28 U.S.C. § 1391(b), may be assuming that" a substantial part of the events or omissions giving rise to the claim occurred" in the Western District of Virginia, that assumption is incorrect. Any actions taken by the defendants in enacting or enforcing a redistricting plan would have been performed in Richmond, where the defendants perform their functions, rather than in Lynchburg, where the House of Delegates districts under consideration exist. *Cf. Shayer v. Kirkpatrick*, 541 F. Supp. 922, 925 (W.D. Mo. 1982) ("A claim arises where the complained-of acts or omissions of a defendant occur . . . The defendant, [the Missouri Secretary of State], has his offices in the Western District (Jefferson City, Missouri), and his actions relating to elections would [therefore] occur in the Western District.)

Thus, venue is improper in the Western District of Virginia. Accordingly, the matter will be transferred to Richmond Division of the United States District Court for the Eastern District of Virginia.

The Clerk of Court will be directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this 16th day of October, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE